a/a C-3-010381-1285104-A.

80,129-02

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 16 2015
Abel Acosta, Clerk

Dear Clerk, Abel Acosta,

Please find inclosed "OBJECTION" to the States proposed memorandum findings of fact and conclusion of law.

Please file stamp marking copies and Return the same for PRO-SE Records

thank you! for your cooperation in this matter

Sincerely

DEON A. DAVIS PRO-SE #1837352
Polansky Unit
3872 FM 350 South
Livingston Texas
77351

Executed
7-14-2015

NO. C-3-010381-1285104-A

EX PARTE                          §    IN THE CRIMINAL DISTRICT
                                  §
                                  §    COURT NO. 3 OF
                                  §
DEON A. DAVIS                     §    TARRANT COUNTY, TEXAS


ORDER

Having carefully reviewed the State's proposed memorandum, findings of fact, and conclusions of law, the Court hereby orders, adjudges and decrees that they be adopted as its own, and further orders and directs the Clerk of this Court to:

1.  File these findings and transmit them along with the Writ Transcripts to the Clerk of the Court of Criminal Appeals as required by law.

2.  Furnish a copy of the Court's findings to the applicant, Mr. Deon A. Davis, TDCJ-ID #01837352, Polunsky Unit, 3872 FM 350 South, Livingston, Texas 77351; and to the post-conviction unit of the Tarrant County Criminal District Attorney's Office.


SIGNED AND ENTERED this the ___ day of _____.


                                  _____
                                  JUDGE PRESIDING

NO C-3-010381-1285104-A

EX PARTE

DEON A. DAVIS

IN THE CRIMINAL DISTRICT
COURT NO. 3 OF
TARRANT COUNTY, TEXAS

TO: THE COURT OF CRIMINAL
APPEALS. as required by law.

OBJECTION; TO THE STATES PROPOSED MEMORANDUM
FINDINGS OF FACT AND CONCLUSIONS
OF LAW

MEMORANDUM *

The applicant was denied code of criminal procedures 46B. 004(c). pled guilty to aggravated robbery with no findings of a weapon. being charged with a deadly weapon, "Simulation"

The trial court found the habitual offender paragraph in error. when obtain through by a plea of guilty only in violation of code of criminal Procedure 26.13 ENHANCEMENT OF SENTENCE (NOTE 18) when trial court completely fails to admonish defendant prior to entry of guilty plea, such failure constitutes reversible error without regard to whether defendant was harmed. GOMEZ VS. STATE (APP. 13 DIST. 1996) 921 S.W. 2d 329. criminal law (key) 273.1(4) criminal law (key) 1167 (5) Same ELLIOTT VS. STATE (APP. 8 DIST. 1994) 874 S.W. 2d 238 criminal law (key) 273.1(4) criminal law (key) 1167 (5) We assert. plea of guilty made by defendant will be rendered invalid and conviction reversed if requirements of art prescribing requisite admonishments are not met. Matter of L.T. (APP. 13 DIST. 1993) 848 S.W. 2d 769 criminal law. We maintain the

1

Trial court counsel Charles H. Roach did not interview any of the inmates, never obtained prison medical files which would have revealed history of mental health problems, and he had no idea that applicant had psychotropic problems at the time of the Plea and Sentencing, Mr Roach ended the inquiry into applicants psychiatric background when applic-ant stated that he had no such histroy and denied code of criminal Procedure 46B.004 (c) Agan v. Singeltary 12 F.3d 1012 (irll 1994) C.C.P 46B.004 (c) retroactive law effective date 2004. NO EFFORT TO OBTEN RECORD OF ENCOMPETENCY

We contend, A guilty plea, if induced by promises or threats which deprive it of the character of a Voluntary act, is void a conviction based upon such a plea is open to collateral attack "omitted" A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. like a Verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and impose the sentence "Kercheval vs. united states, 274 u.s. 220, 47 S. ct 582 583, 71 L.ed. 1990.

INDUCED PLEA WHERE ATTY ARGUES AGAINST CLIENT
As in u.s. V. Shorter, 54 F. 3d 1248 (CA 7 1995)
Likewise Applicant argues that counsels action demonstrated a conflict of interest which prevented the attorney from representing with undivided loyalties, the district court failed to conduct a hearing and determine the impact of the conflict of interest ... The presumption that the conflict prejudiced Applicant when a possibility of Acual innocence exist... NO ENCULPATING EVEDENCE

OBJECTION TO FINDING OF ALLEGED FACTS. **
#1 We contend, not to Grade MR. Roach attorney at law Performance,
We maintain when he fail to informal inquire into Appellants compentency was ineffective, pursuant to code of criminal Procedure 46B.004 (c) was ineffective assistence of counsel.

#2 We deny each and every allegations that can't be supported by the Records see, (R-R) Reporters Records/ TRANSCRIPTS stated in OPEN COURT 1-29

#3. This Actual innocence claim; plea of Guilty by Coersement

11

UNDER **DURESS** ... / FORCE ...

<u>EXEMPTIONS, ACTUAL INNOCENCE</u> * * *

We

Rely herein on <u>Schlup V. Delo, 513 U.S. 299, 130 L. Ed. 2d</u>
<u>808, 115 S. ct. 851 (1995)</u>
Same herein Applicant cites constitutional error deprived critical
evidence that would have established his innocence. THE DISTRICT
COURT DENIED PETITION WITHOUT A HEARING "NEGATED P.D.R."
Schlup's claim of innocence ... is as herein procedural, rather
than substantive. His constitutional claims are based not on
his innocence, but rather on his contention that the ineffective-
ness of his counsel "STRICKLAND"... and the withholding of
evidence by the prosecution, SEE BRADY V. MARLAND, "omitted"
denied him the full panoply of protections afforded to criminal
defendants by the constitution. Schlup, however, faces procedural
obstacles that he must overcome before a Federal Court may
address the merits of those constitutional claims. Because
Schlup has been unable to establish cause and prejudice"
sufficient to excuse his failure to present his evidence in
support of his first petition, SEE McCleskey V. Zant 499 U.S.
467, ... Schlup may obtain review of his constitutional claims
only if he falls within the "Narrow class of cases ...
implicating a fundamental miscarriage of Justice" id
at 499, ... Schlup's claim of innocence is offered only to
bring him within this "Narrow class of cases" ... Schlup's
claim of innocence does not by itself provide a basis for relief.
instead, his claim for relief depend critically on the validity
of his Strickland and Brady claims.
Schlup's claim of innocence is thus "not itself a constitutional claim
but instead a GATEWAY through which a habeas petitioner
must pass to have his other wise barred constitutional claim
considered on the merits" Herrera, 506 U.S., 404
SEE House V Bell, 547 U.S. 518, 165 L. Ed 2d 1, 126, S. ct 2064 (2006)
Same in Applicants case herein this is not a case of conclusive exoneration
Some aspect of the States evidence may inference **doubt** ...
House has satisfied the gateway standard set forth in Schlup as
herein the instant case may proceed on remand with procedurally
defaulted constitutional claims.
We contend no reasonable Jury could convict Applicant in the
light of evidence and documentary having in Records. Applicant

III

has shown that he would have rationally proceeded to trial and for the stated facts herein, acts of misconduct, the result of his prosecution and sentencing would have been different see WASHINGTON VS. STATE "supra"

We contend with Strickland V Washington 466 us at 694 Kyles V Whitley 514 U.S. 419, 430 (1995) This court NEED NOT REQUIR HIM TO SHOW THAT HE WOULD HAVE BEEN ACQUITED But FOR THESE ERRORS, HE WOULD RECEIVED A LESSER SENTENCE Everage Vs. State 893 SW. 2d 219, 222 (Tex. APP Houston 1st District 1995 pet refd

## PRAYER ***

WHERE FORE, PREMISES CONSIDERED, APPLICANT PRAYS THAT THE COURT ADOPT ITS OBJECTION TO THE STATES PROPOSED MEMORANDUM FINDINGS OF FACTS, AND CONCLUSION OF LAW.

Respectfully Submitted

DEON A. DAVES PRO-SE # 1837352
Polunsky Unit 3872 FM 350 South
Livingston Texas
77351

## CERTIFICATE OF SERVICE ***

A TRUE COPY
OF THE ABOVE OBJECTION OF PROPOSED FINDINGS OF FACTS AND CONCLUSION OF LAW HAS BEEN MAILED TO THE CLERK OF SAID COURT FOR CONSIDERATION COURT OF CRIMINAL APPEALS OF TEXAS P.O. BOX 12308 CAPITAL STATION, AUSTIN TEXAS 78711 ON THIS THE 14th OF July 2015

DEON A. DAVES PRO-SE # 1837352
Polunsky Unit 3872 FM 350 S.
Livingston Texas
77351

IV